10 A.3d 224

IN THE MATTER OF HAMDI M. RIFAI, AN ATTORNEY
AT LAW (ATTORNEY NO. 059441994).

January 20, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–221, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **HAMDI M. RIFAI** of **ROCHELLE PARK,** who was admitted to the bar of this State in 1994, should be suspended from the practice of law for a period of three months for violating *RPC* 3.2 (failure to treat with courtesy and consideration all persons involved in the legal process and failure to expedite litigation), *RPC* 4.4(a) (failure to respect the rights of third persons by using means that have no substantial purpose other than to embarrass, delay or burden a third person), *RPC* 8.1(b) (failure to reply to reasonable requests for information from a disciplinary authority), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should be referred to the appropriate County Bar Association Committee on Professionalism for an assessment and, if the Committee finds it appropriate, for the development of a program to assist respondent in developing and maintaining courtesy and civility in his professional dealings with others, which may also include the appointment of a mentor;

And good cause appearing;

It is ORDERED that **HAMDI M. RIFAI** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective February 14, 2011; and it is further

ORDERED that **HAMDI M. RIFAI** shall contact the Bergen County Committee on Professionalism to arrange for an assessment, and if the Committee finds appropriate, for the development

of a program to assist respondent in developing and maintaining courtesy and civility in his professional dealings with others, which may include the appointment of a mentor; and it is further

ORDERED that respondent shall report to the Office of Attorney Ethics within six months after the filing date of this Order the results of his consultation with the Committee; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.