10 A.3d 224

IN THE MATTER OF JOSE LUIS DEL CASTILLO SALAMANCA, AN ATTORNEY AT LAW (ATTORNEY NO. 007381993).

January 20, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–238, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **JOSE LUIS DEL CASTILLO SALAMANCA** of **HARTFORD, CONNECTICUT,** who was admitted to the bar of this State in 1993, and who has been temporarily suspended from the practice of law since October 6, 2008, should be suspended from the practice of law for a period of two years;

And the determination of the Disciplinary Review Board being based on respondent's plea of guilty in the United States District Court for the District of Connecticut to one count of document fraud, in violation of 18 *U.S.C.* § 2 and § 1546(a), conduct that in

New Jersey violates *RPC* 8.4(b) (criminal act reflecting on honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having determined that the term of suspension should be retroactive to October 6, 2008;

And good cause appearing;

It is ORDERED that **JOSE LUIS DEL CASTILLO SALAMANCA** is suspended from the practice of law for a period of two years, retroactive to October 6, 2008, and until the further Order of the Court, and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.